### BROWNING v. COLORADO TELEPHONE CO.

(Circuit Court of Appeals, Eighth Circuit. May 21, 1894.)

#### No. 359.

1. PATENTS—NOVELTY—TERRA-COTTA WIRE CONDUIT PIPE.
    A patent claiming a rectangular terra-cotta wire conduit pipe having rectangular partitions made in one integral piece by forcing the material,

while plastic, through a die, and burning it, cannot be sustained as for a new article of manufacture, the making of sewer pipe out of clay by the same process being old, and hollow blocks of terra cotta, rectangular in form, and divided into ducts by partitions, being previously well known, although used as building material, rather than as a conduit for wires.

2. SAME.
    The Lynch patent, No. 396,407, for terra-cotta wire conduit pipe, *held* void for want of novelty.

Appeal from the Circuit Court of the United States for the District of Colorado.

This was a suit by Frank T. Browning, administrator of John H. Lynch, deceased, against the Colorado Telephone Company, for infringement of a patent. The bill was dismissed. Complainant appealed.

James M. Lewis and Chester H. Krum, for appellant.

Frederick P. Fish and C. W. Waterman (W. K. Richardson, Edward O. Wolcott, and Joel F. Vaile, on the brief), for appellee.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

THAYER, District Judge. This was a suit which was filed by the appellant in the circuit court for the district of Colorado to restrain the infringement of letters patent No. 396,407, issued to John H. Lynch, the appellant's intestate, on the 29th day of January, 1889. The defenses interposed were, in the main, anticipation, want of patentable novelty, and noninfringement. The Lynch patent must be classified as a patent for "a new article of manufacture." The article described in the specification and drawings is a terra-cotta pipe, rectangular in form, which is made like a piece of ordinary sewer pipe by forcing the material out of which it is made, while in a plastic state, through a die, and subsequently burning it. It differs from a piece of ordinary sewer or drain pipe only in the respect that the interior or bore of the pipe is divided, according to the illustrations given in the drawings of the patent, into six compartments or ducts by one vertical and two horizontal partition walls which extend the full length of the bore. The walls of these partitions are made somewhat thinner than the exterior wall of the pipe, and they are formed as the material is forced through the die so as to become an integral part of the pipe. The walls of the partitions are made slightly thinner than the exterior wall, so as to secure a uniform shrinkage, when the pipe is burned, after being molded. The single claim of the patent is for "a rectangular terra-cotta wire conduit pipe, having rectangular partitions, all of uniform thickness, and made in one integral piece, substantially as shown and described." We might well take judicial notice of the fact, even if it was not abundantly proven by the testimony, that the art of making sewer or drain pipe, both rectangular and cylindrical in form, out of clay, is very old. It is a part of our common knowledge that sewer and drain pipes have been manufactured out of clay for a long period practically by the same process which the patentee employs in making his so-called "terra-cotta wire conduit pipe." The evidence also discloses

to our entire satisfaction that at the date of the Lynch patent "a rectangular terra-cotta pipe," having the bore divided into ducts by partitions, was not a new article of manufacture. The several hollow blocks of terra cotta which were produced on the hearing, all of which antedate the patent in suit, namely, Exhibits C, D, K, N, R, and S, have all of the essential and characteristic features of the alleged new terra-cotta wire conduit pipe described in the patent. They are rectangular in form. The interior of each is divided into two or more compartments or ducts, and they might severally be laid in sections so as to form a continuous pipe or conduit for carrying a wire or a cable composed of wires. The several exhibits above referred to might be appropriately termed terra-cotta conduit pipes, as well as hollow blocks of terra cotta. It is true that these several exhibits were intended to be used as building material, rather than as a conduit for carrying wires, but this fact is quite immaterial. If the alleged new article of manufacture was in fact an old article at the date of the patent,—as we think it was,—in view of the aforesaid exhibits, then it goes without saying that the patentee was not entitled to a patent merely because he suggested the idea of devoting it to a new use. Neither the number of the ducts into which the bore is divided nor the length of the pipe is a material feature of the invention. It is obvious, therefore, that he did not suggest any changes, either in the form or the structure of the old article, which were necessary to adapt it to the new use, and according to well-established principles he is not entitled to a patent merely for suggesting the application of an old article or device to a new use. Brown v. Piper, 91 U. S. 37, 41; Roberts v. Ryer, Id. 150, 157; Knapp v. Morss, 150 U. S. 221, 228, 14 Sup. Ct. 81; Aron v. Railway Co., 132 U. S. 84, 89, 10 Sup. Ct. 24; Ansonia Brass & Copper Co. v. Electrical Supply Co., 144 U. S. 11, 17, 12 Sup. Ct. 601.

Without pursuing the subject at any greater length, it is sufficient to say that we are clearly of the opinion that the patent in suit is void for the reasons which we have indicated. The decree of the circuit court is therefore affirmed.